J-A13012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREEM ROGERS | : | |
| | : | |
| Appellant | : | No. 659 EDA 2019 |

Appeal from the PCRA Order Entered November 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0012380-2013

BEFORE:  OLSON, J., DUBOW, J., and KING, J.

MEMORANDUM BY OLSON, J.:            **FILED SEPTEMBER 19, 2022**

Appellant, Kareem Rogers, appeals from the order entered November 27, 2018, dismissing, without an evidentiary hearing, his petition filed pursuant to the Post-Conviction Relief Act ("PCRA").[1]  For the reasons set forth below, we vacate the order entered on November 27, 2018, and remand this matter to the PCRA court for an evidentiary hearing to address Appellant's claim asserting ineffective assistance on the part of original PCRA counsel.

This case arose out of the fatal shooting of Stacey Berry on March 26, 2013.  At the conclusion of trial on April 17, 2015, a jury found Appellant guilty of murder in the first degree, firearms not to be carried without a license, carrying firearms in public in Philadelphia, and possessing an

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

instrument of crime.[2]  The same day, the trial court sentenced Appellant to life without the possibility of parole for murder, and no further penalty on the remaining charges.  This Court affirmed Appellant's judgment of sentence on February 3, 2017.  *See Commonwealth v. Rogers*, 2017 WL 465327 (Pa. Super. 2017) (unpublished memorandum).  Appellant did not seek discretionary review with our Supreme Court.

On March 6, 2018, Appellant filed a timely *pro se* PCRA petition, his first, asserting that trial counsel was ineffective in failing to call two witnesses at trial, Kyaun Kelley and Shyla Jackson.  *See* Pro Se PCRA Petition, 3/6/18, at 12.[3]  Within his petition, Appellant asserted that Kelley was a witness and possible participant in the crime.  *Id.*  Kelley allegedly met twice with trial counsel and offered his version of events surrounding the shooting.  *Id.*  Trial counsel elected not to call Kelley as a witness, however, because she feared Kelley might face criminal charges since another witness, Kaeri Alvarez, allegedly identified Kelley as the shooter. *Id.*  Appellant's petition also alleged that Kelley told trial counsel that Jackson, Kelley's girlfriend, possessed "useful information" about Appellant's

---

[2] 18 Pa.C.S.A. §§ 2502(a), 6106(a)(1), 6108, and 907(a), respectively.

[3] Appellant's *pro se* PCRA petition utilized a pre-printed form, which included ten pre-numbered pages.  Appellant then attached additional handwritten pages to the pre-printed forms.  For citation purposes, we identify the handwritten pages of Appellant's petition using consecutive page numbers starting with page 11.

relationship with the victim and the circumstances that led up to, and that followed, the shooting. *Id.* Appellant's petition alleged that trial counsel failed to contact Jackson. *Id.* The petition requested an evidentiary hearing but, while Appellant included an address and telephone number for Jackson, the filing did not include a certification showing contact information for Kelley. *See id.* at 7, 12; *see also* Pa.R.Crim.P. 902(A)(15) (if a petition requests an evidentiary hearing, it "shall include a signed certification as to each intended witness, stating the witness's name, address, and date of birth, and the substance of the witness's testimony").

The PCRA court appointed original PCRA counsel, who filed a *Turner*/*Finley*[4] no-merit letter on September 3, 2018. In his petition to withdraw, original PCRA counsel explained that he hired a private investigator to contact Kelley and Jackson. According to original PCRA counsel, "[t]hose efforts proved unsuccessful. [Kelley is deceased and Jackson did] not return[] calls from the undersigned." No-Merit Letter, 9/3/18, at 1. Original PCRA counsel did not address Appellant's claims asserting that trial counsel was ineffective in failing to call Kelley and failing to interview Jackson. *Id.* at 3. Rather, original PCRA counsel stated that trial counsel "appeared well-prepared, and her approach was tediously thorough," where she "examined and re-examined virtually every witness."

---

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

*Id.* Original PCRA counsel also addressed a possible self-defense claim, but opined that it was presented and rejected by the trial court and was not supported by the evidence . *Id.* Finally, as to Jackson, original PCRA counsel concluded he could not assert a viable after-discovered evidence claim since Jackson was known to Appellant at the time of the shooting and at the time of trial. *Id.*, *citing* **Commonwealth v. D'Amato**, 856 A.2d 806 (Pa. 2004).

The PCRA court issued a Rule 907 notice of intent to dismiss on October 22, 2018, based on original PCRA counsel's determination that Appellant's claims lacked merit. Appellant's *pro se* response, filed on November 9, 2018, asserted that original PCRA counsel was ineffective in failing to amend the petition to include a claim asserting that trial counsel was ineffective for failing to raise a self-defense claim. Appellant did not respond to the assertions contained in the no-merit letter, nor did he raise additional support for his initial PCRA claim. Consequently, on November 27, 2018, the PCRA court dismissed Appellant's PCRA petition pursuant to original PCRA counsel's no-merit letter. This timely appeal followed.[5, 6]

_____

[5] The PCRA court did not order Appellant to file a concise statement pursuant to Rule 1925(b), but filed its Rule 1925(a) opinion on April 12, 2019.

[6] Appellant appealed *pro se* on December 27, 2018. It appears that since that time, adjudication of his appeal was delayed by the need to remand for transcripts, dismissal and reinstatement of the appeal owing to an improperly filed *pro se* brief, extension of briefing deadlines following
*(Footnote Continued Next Page)*

With the aid of privately retained, current PCRA counsel, Appellant now raises the following issue for our review:

> Whether the effort put forth by court appointed [original PCRA] counsel was sufficient to establish that the witnesses presented in the *pro se* petition were not available? [7]

Appellant's Brief at 6.

Preliminarily, we must address whether Appellant is permitted to raise a claim challenging the ineffectiveness of original PCRA counsel for the first time on appeal. Recently, in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), our Supreme Court revised the procedure by which PCRA petitioners may raise the ineffectiveness of PCRA counsel. Previously, "the sole method by which a petitioner [could] challenge the ineffectiveness of his PCRA counsel [was] through the filing of a response to the PCRA court's Rule

_(Footnote Continued)_ ───────────────

Appellant's retention of current PCRA counsel and a subsequent remand for issues concerning current PCRA counsel's abandonment for failure to file a timely brief. Consequently, four years have elapsed without a disposition in this appeal.

7 We have edited current PCRA counsel's statement of the issue raised on appeal to omit a suggestion that Appellant's PCRA petition was untimely. The timeliness of Appellant's PCRA petition is not in dispute. **See** Commonwealth's Brief at 7 ("As an initial matter, the Commonwealth notes that [Appellant's] PCRA petition was timely filed."). Appellant's judgment of sentence became final on March 6, 2017, the Monday following the expiration of the 30-day period of time for filing a petition for allowance of appeal with our Supreme Court. **See** 42 Pa.C.S.A. §9545(b)(3); 1 Pa.C.S.A. § 1908 (stating that, whenever the last day of a period of time referred to in a statute "shall fall on Saturday or Sunday [] such day shall be omitted from the computation."). Accordingly, Appellant's March 6, 2018 petition was timely.

907 dismissal notice."[8]  *Id.* at 386.  The Court emphasized that the PCRA framework "created a collateral review process under which a petitioner will be able, as a practical matter, to file only a single, counseled petition for relief."  *Id.* at 391.

> This structure, however, places great importance upon the competency of initial PCRA counsel.  As noted by Justice Saylor in [*Commonwealth v. Williams*, 782 A.2d 517 (Pa. 2001)], "[t]he nature of this scheme places substantial responsibility upon PCRA counsel to properly identify claims implicating a right to relief and to present them in a form which would invoke merits review.  Indeed, particularly in light of the time limitation now imposed under the PCRA, a substantial default by post-conviction counsel may ultimately foreclose merits review of a claim." [*Id.* at 524].  Given the rule-based right to effective assistance of counsel, as well as the crucial nature of post-conviction representation, it is essential that a petitioner possess a meaningful method by which to realize his right to effective PCRA counsel.

*Bradley*, 261 A.3d at 401.  In view of the Supreme Court's conclusion that the Rule 907 method is unworkable, petitioners may now raise layered claims of ineffective assistance of PCRA counsel for the first time on appeal if that is the earliest practical opportunity to do so.  *See Commonwealth v. Crumbley*, 270 A.3d 1171, 1175 (Pa. Super. 2022).  Instantly, the PCRA court did not require Appellant to file a Rule 1925(b) concise statement.

---

[8] Appellant, *pro se*, complied with this procedure in his response to the Rule 907 notice, however he raised an issue different than the one he presents on appeal.  Pursuant to the dictates of *Bradley*, we do not limit Appellant's claim herein.  *See Bradley*, 261 A.3d at 398-399 (outlining the "almost insurmountable difficulties" placed on a PCRA petitioner under the Rule 907 method).

Therefore, the current appeal is the first practical opportunity for Appellant to raise his claims of original PCRA counsel's ineffectiveness. Accordingly, we will review his claim.

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion.
>
> *    *    *
>
> It is well settled that there is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Maddrey***, 205 A.3d 323, 327-328 (Pa. Super. 2019) (cleaned up; citations and quotation marks omitted).

Instantly, Appellant challenges the adequacy of original PCRA counsel's investigation of his proffered witnesses, Kelley and Jackson. Appellant's Brief at 9. Recall that the investigation of original PCRA counsel revealed that Kelley was deceased, and Jackson was unavailable. In contrast, within his appellate brief, Appellant asserts the investigation of current PCRA counsel uncovered a current address for Kelley as of 2021 and showed that

Jackson was now willing to communicate with Appellant's current PCRA counsel. Appellant's Brief at 9. Presumably, Appellant's present claim before us asserts that, if original PCRA counsel had conducted a thorough and diligent investigation, he would have uncovered facts to support a claim of ineffective assistance of trial counsel within an amended PCRA petition rather than filing the no-merit letter on which the PCRA court based its dismissal. Thus, Appellant's claim of original PCRA counsel's ineffectiveness would potentially entitle him to relief in the form of the reinstatement of his underlying claim of trial counsel's failure to call and interview these witnesses. In turn, if Appellant received the opportunity to further develop his original claim and could successfully demonstrate that trial counsel was ineffective, then Appellant would be entitled to collateral relief, perhaps in the form of a new trial.

Regrettably, current PCRA counsel's brief lacks the detail needed to make these substantive grounds for relief readily apparent from his appellate submission.[9] Nevertheless, current PCRA counsel has come

_____

[9] The appellate brief includes no citation to relevant authority, no identification of the three-pronged analysis of ineffective assistance of counsel claims, no development of a layered ineffectiveness claim, no mention of the five-element prejudice analysis for failure to interview and call witnesses, and, most importantly, no discussion of how the facts and circumstances of Appellant's claims fit into each prong and element of this legal framework. Such deficient briefing would justify waiver; however, we follow our Supreme Court's guidance to protect a PCRA petitioner's rule-based right to effective counsel by remanding this case for proper
*(Footnote Continued Next Page)*

forward with a reasonably definitive, but divergent, set of factual allegations surrounding the investigation into the whereabouts and availability of Kelley and Jackson. As such, current counsel thus presents facts which, if true, suggest that Kelley may be alive, and that Jackson may be willing and available to communicate with Appellant's current PCRA counsel. Although current PCRA counsel leaves many matters unaddressed, we conclude that, at a minimum, he has identified certain genuine issues of fact which, if resolved in Appellant's favor, could potentially support a viable claim of layered ineffective assistance of counsel. Therefore, pursuant to **Bradley**, these contentions should be explored further by the PCRA court. Hence, we vacate the order dismissing Appellant's petition and remand this matter for further proceedings aimed at assessing whether original PCRA counsel was ineffective and, if so, whether his deficient performance could have deprived Appellant of a right to collateral relief on grounds that trial counsel was ineffective in failing to call Kelley as a witness or failing to investigate Jackson.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

development of Appellant's claims in the lower court. **See Commonwealth v. Cousar**, 154 A.3d 287, 312 (Pa. 2017) (determining that, in a PCRA case with deficient briefing, "[a]lthough we could properly determine appellant's argument is waived on this basis, [] we conclude a merits determination is the better course").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/19/2022